**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

**BRIAN WELLS,**

**Plaintiff,**

**v.** **Case No. 2:15-cv-04103**

**PARKERSBURG WORK RELEASE CENTER,**
**INVESTIGATOR SHAWN CARSON,**
**LT. AARON SIMONTON, and**
**ST. MARY'S CORRECTIONAL CENTER,**

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), and the plaintiff's Letter-Form Motion to Transfer Case to the Northern District of West Virginia, Motion to Stay in order to exhaust state remedies, and Motion to Amend Complaint (ECF No. 5).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff's Complaint alleges that, on March 4, 2015, while the plaintiff was housed at the Parkersburg Work Release Center ("PWRC")[1], defendant Shawn Carson, an investigator for the West Virginia Division of Corrections ("WVDOC"), who was employed

[1] The PWRC is a WVDOC facility located within the jurisdiction of the United States District Court for the Southern District of West Virginia.

at the St. Mary's Correctional Center ("SMCC")[2], came to the PWRC to investigate a Prison Rape Elimination Act ("PREA") claim. According to the plaintiff, Carson attempted to interview him, but the plaintiff refused to speak with Carson unless he had a lawyer present, or a camera or recorder was used, or another staff member were present, all of which were allegedly denied by Carson. After the plaintiff refused to participate in the interview, he was served with two prison disciplinary rule violation reports for obstructing and insubordination. Consequently, the plaintiff was removed from the PWRC and sent to the SMCC.[3] The plaintiff's Complaint alleges that the prison discipline charges were ultimately dismissed by an institutional magistrate on March 18, 2015.

The Complaint alleges that the plaintiff was "denied my right to remain silent on a PREA investigation and was served with 2 violation reports . . . ." (ECF No. 2 at 7). The plaintiff further alleges that, as a result of being sent to SMCC, he lost his outside job at Cheddars, Inc. and "all of my belongings were stolen when they moved me, clothes, CDs, jewelry, shoes, etc." (*Id.* at 8). The Complaint further states:

> My reputation, my family, my job, my belonging(s), mentally distraught – my clearance was taken, my dignity as a man. I'm crushed buy this! It also set back my parole date that I had a very good chance of making parole.

(*Id.* at 9). The plaintiff seeks compensatory damages, as well as injunctive relief in the form of his release and that defendant Carson be held accountable for his actions, including his termination from employment. (*Id.*)

---

[2] The SMCC is a WVDOC facility located within the jurisdiction of the United States District Court for the Northern District of West Virginia.

[3] According to the WVDOC's inmate locater on its website, www.wvdoc.com, the plaintiff has subsequently been released on electronic monitoring parole to Parole Region 122. The plaintiff has not provided an updated address to the Clerk's Office. The undersigned's staff has contacted the WVDOC Parole Services Office and obtained an updated address where the plaintiff may be reached.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court further explained its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * * In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

> allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[4]

## ANALYSIS

### A. The PWRC and SMCC are not suable entities.

The PWRC and SMCC are correctional facilities or buildings operated by the WVDOC and are not suable entities. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against those two defendants.

### B. The plaintiff failed to exhaust his administrative remedies prior to filing his Complaint.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") states that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" means ". . . conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings." 18 U.S.C. § 3626(g)(2). A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

---

[4] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures. *Id.* at 741. In *Booth*, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. *Id.*

In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Court held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or other some wrong." Not only must a prisoner exhaust his administrative remedies, but he must also do so properly. Proper exhaustion "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2385 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). [Emphasis in the original.]) That is, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 548 U.S. at 90-91.

The Court ruled in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that an inmate's failure to exhaust remedies under the PLRA is an affirmative defense; the inmate need not demonstrate in his complaint that he has exhausted applicable remedies. Jones also held that an inmate does not automatically fail to exhaust when the inmate sues one or more defendants not named in the pertinent grievances. *Id.*, at 219. If a complaint contains claims, some of which have been exhausted, and some of which have not been exhausted,

the entire complaint is not dismissed; the court proceeds only on the exhausted claims. *Id.*, at 222.

The WVDOC promulgated regulations establishing an Inmate Grievance Procedure, W. Va. C.S.R. § 90-9-3 *et seq*. The promulgation of the Procedure was mandated by W. Va. Code § 25-1A-2(b), part of the West Virginia Prisoner Litigation Reform Act. The DOC has also issued Policy Directive 335.00, "Inmate Grievance Procedures." (# 21-2, at 5.) An inmate who wishes to seek redress over any matter concerning prison life, whether it involves general circumstances or particular episodes, must use the grievance procedure. *Id.* The first step is to file a grievance, utilizing a standard form, with the inmate's Unit Manager. *Id.*, at 6. If the grievance is not resolved, the inmate may appeal to the Warden/Administrator. *Id.*, at 7. If the grievance is not resolved at that level, the inmate may submit an appeal to the Commissioner of Corrections. *Id.*, at 8. At each step of the procedure, the inmate receives a copy of the grievance and the response. The Warden or Administrator must maintain a searchable record of all grievances. *Id.*, at 5.

On April 13, 2015, the plaintiff filed a Letter-Form Motion, which seeks three forms of relief. Of significance is the plaintiff's Motion to Stay (ECF No. 5-3) in which he requests a stay of these proceedings "in order that I may fully exhaust state remedies available to me as a result of my disciplinary transfer." Although the failure to exhaust administrative remedies is considered to be an affirmative defense and not a jurisdictional infirmity, *see Jones v. Bock*, 549 U.S. at 216, if the failure to exhaust is apparent from the face of the prisoner's filings, and the inmate has an opportunity to respond on the exhaustion issue, *sua sponte* dismissal may be appropriate. *Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Corey v. Daniels*,

2015 WL 5812918 (4th Cir. Oct. 6, 2015). Thus, when the plaintiff's additional documentation is considered, it is clear that the plaintiff failed to exhaust the available remedies prior to filing his Complaint.[5] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff failed to exhaust his administrative remedies before filing his Complaint and, therefore, a dismissal of the Complaint, without prejudice, is warranted. Consequently, the plaintiff's Letter-Form Motion to Transfer this matter to the Northern District of West Virginia (ECF No. 5-1) and Motion to Amend Complaint (ECF No. 5-2) should be denied as moot.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Parkersburg Work Release Center and the St. Mary's Correctional Center as non-suable entities, and **DISMISS** the remainder of the plaintiff's Complaint (ECF No. 2), without prejudice, for failure to exhaust administrative or other state remedies, as required by section 1997e(a) of the PLRA. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), his Motion to Transfer (ECF No. 5-1), his Motion to Amend Complaint (ECF No. 5-2), and his Motion to Stay (ECF No. 5-3).

[5] The United States Court of Appeals for the Fourth Circuit recently issued an opinion in *Blake v. Ross*, 787 F.3d 693 (4th Cir. 2015), in which the court reversed the District Court's dismissal of a complaint for failure to exhaust administrative remedies based upon the plaintiff's reasonable belief that he had sufficiently exhausted his remedies by participating in an internal investigation. The undersigned believes that the instant case is distinguishable from *Blake* for two reasons. First, although the plaintiff participated in a disciplinary hearing in which his rules violation charges were dismissed, there is no evidence that the disciplinary proceedings properly exhausted the issues concerning the plaintiff's transfer to SMCC and the effects thereof. Second, in light of the plaintiff's request that this matter be stayed to enable him to exhaust his administrative remedies, the plaintiff obviously did not reasonably believe that the disciplinary hearing exhausted those remedies.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at 711 Vinson Street, Williamson, WV 25661.

January 19, 2016

Dwane L. Tinsley
United States Magistrate Judge